**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its Amalgamated Local Union 256, Plaintiffs-Appellees,**

v.

**FOLDING CARRIER CORPORATION, a Division of Unarco Industries, Inc., Defendant-Appellant.**

No. 216–69.

United States Court of Appeals, Tenth Circuit.

March 2, 1970.

---

9. Llacer v. Immigration & Naturalization Service, 388 F.2d 681 (9 Cir. 1968).

**48**

John P. Sizemore, Little Rock, Ark. (McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., and George J. McCaffrey, Oklahoma City, Okl., on the brief), for appellees.

Francis S. Irvine, Oklahoma City, Okl., (Mueller & Mueller, Ft. Worth, Tex., and Kerr, Davis, Irvine & Burbage, Oklahoma City, Okl., on the brief), for appellant.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

The Unions, plaintiffs-appellees, brought suit under § 301 of the National Labor Relations Act, 29 U.S.C. § 185, to require specific performance of the provisions of a collective bargaining contract relating to the arbitration of disputes. The Unions and the defendant-appellant Company are admittedly subject to the Act. The district court decreed specific performance and the Company appeals.

The Company has a manufacturing business in Oklahoma City, Oklahoma. The Unions and the Company had a collective bargaining agreement which expired in July, 1967. Efforts to negotiate a new agreement failed, and the Unions went on strike in September, 1967. The strikers were replaced by new employees. A new contract became effective on February 26, 1968, and the strike ended. The Company thereafter reemployed some of the strikers.

The new contract provided in its Article VI, § 1, that "any dispute arising in respect to the interpretation or applica-tion of any of the terms of this agreement" would be processed in accordance with an agreed grievance procedure which contained three steps. With unimportant exceptions the grievance is presented at Step One to the Foreman, at Step Two to the Superintendent, and at Step Three to the Chief Resident Executive Officer of the Company. If the grievance is not settled at Step Three, it goes to arbitration.

On March 28, 1968, the Unions wrote the Company complaining that the Company had failed "to staff the plant with employees holding the most seniority under the contract," and that it had called back "certain ex-strikers as 'new employees,' when they clearly hold seniority under the contract." The Unions said that the grievances were not "easily susceptible" to the procedures outlined in the first steps and suggested that they be taken up at Step Three, as was provided for certain specific grievances. On April 3 the Company replied that it would not circumvent the established grievance procedure.

On May 17 the Unions presented the March 28 letter with a new date and cover letter to a foreman. When he did not reply within the time fixed by Step One, the Unions wrote the plant superintendent and asked for a meeting pursuant to Step Two. He replied that the "purported grievances have not been raised, presented, or processed in accordance with the contractual provisions." On June 4 the Unions gave a redated version of the March 28 letter to the foreman, who replied that the letter did not present a grievance. On June 17 the attorney for the Unions wrote the Company and demanded arbitration of the substantive and procedural questions. The request was rejected by a letter saying that there was "no pending grievance in respect to which arbitration is required." The Unions then brought suit for specific performance under § 301. Both sides filed motions for summary judgment. The district court granted the motion of the Unions and ordered specific performance.

The Company requested, and the court denied, a stay of the arbitration proceedings pending appeal. Arbitration has occurred. The case is not moot because implementation of the arbitration award depends on the validity of the court order requiring arbitration.

The Company says that its promise to arbitrate is expressly conditioned on prior compliance with the three steps of the grievance procedure and that the form of collective bargaining therein provided must occur before there is an obligation to arbitrate. The argument is that here the grievance procedure has not been complied with because the Unions' letter did not disclose the grievants' identity, their specific grievance, or the relief sought.

The courts have distinguished between substantive and procedural arbitrability. The former is concerned with whether the dispute relates to a subject matter which the parties have contractually agreed to submit to arbitration. This question is to be decided by the courts because no party has to arbitrate an issue unless he has consented. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L. Ed.2d 462, and United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

We have no doubt that the dispute presented by the Unions' March 28 letter related to an issue which the Company had agreed to arbitrate. The resolution of the dispute depended on the "interpretation or application" of the seniority and other provisions of the collective bargaining contract. Hence, it was within the provisions of Article VI, § 1, of that contract. The trial court correctly held that the dispute was arbitrable in a substantive sense.

Procedural arbitrability encompasses such questions as "whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate." John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898. Because these questions are often intertwined with the merits of the dispute and because their presentation to the courts would only increase the opportunities to delay the arbitral process, the Supreme Court has held that they are to be decided by the arbitrator. Id. 557–558, 84 S.Ct. 909.

The Company says that Wiley does not apply because in that case a grievance had arisen and here there is no grievance within the meaning of the contract. The record shows a dispute over the interpretation and application of contract provisions. The objection of the Company goes only to the manner in which that dispute was presented. Its argument that no grievance exists until after compliance with the agreed grievance procedures ignores the distinction made in Wiley between substantive and procedural arbitrability. The manner of presentation and the sufficiency of the statement are matters of procedure to be determined by the arbitrator.

Affirmed.